MONTIEL, Judge.
The appellant, Sherman McBryar, appeals from the summary dismissal of his petition for a writ of habeas corpus.
In his petition, the appellant alleged that he received a prison disciplinary for lying to a corrections officer when he was questioned about having spoken to a woman while he was on a prison work assignment. Shortly *1280 after receiving the disciplinary, the appellant was tested for drug use and the appellant tested positive for marijuana. As a result of the disciplinary and the positive test results, the appellant was reclassified within the prison system; he no longer had minimum custody status; and his assigned job status was changed.
The appellant contends that he was denied due process at the hearing on his prison disciplinary. Specifically, the appellant contends that the hearing officer never determined whether he was capable of representing himself and that the findings made by the hearing officer as a result of the disciplinary hearing are not signed by the hearing officer as being his findings.
The circuit court dismissed the appellant’s petition before the Alabama Department of Corrections responded to the appellant’s allegations, holding that the appellant had been afforded the full range of due process rights and that the facts were sufficient to support the findings of the hearing officer. We disagree.
The hearing officer did not sign the form containing his findings of fact in this matter. Rule 403, U.5., Alabama Department of Corrections Administrative Regulations, states: that “The inmate must be informed of the decision of the Hearing Officer, and must be given a copy of the signed and approved Disciplinary Report which lists the findings of fact, the basis for the findings of fact, the decision of the Hearing Officer, and the punishment or sanction imposed.” (Emphasis added.) This regulation provides the inmate with due process.
In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court held that due process requires that prisoner be given a written statement of the evidence relied on and the reasons for the decision of the disciplinary body. In this case, we cannot determine whether the written findings of fact provided to the appellant were the same findings made by the hearing officer at the disciplinary proceeding because the findings are unsigned. Because we have no record of the hearing, other than the unsigned findings of fact, we cannot determine whether the due process requirements as set forth in Wolff were met.
Thus, we must remand this case to the circuit court for a hearing on the appellant’s petition for a writ of habeas corpus to determine whether due process requirements were met. The trial court is instructed to determine whether the unsigned findings of fact were, indeed, the findings of the hearing officer who presided over the appellant’s disciplinary proceeding.
The judgment of the circuit court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.